UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SEA SALT, LLC,                          )
                                        )
                    Plaintiff           )
                                        )
        v.                              )        2:20-cv-00099-JAW
                                        )
TD BANK, NA, et al.,                    )
                                        )
                    Defendants          )


**RECOMMENDED DECISION ON DEFENDANTS' MOTIONS TO DISMISS
AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

Plaintiff Sea Salt, LLC alleges that Defendants PayPal, Inc. ("PayPal"), Coinbase,

Inc. ("Coinbase"), and TD Bank, NA ("TD Bank") did not properly respond to a trustee

summons and failed to secure and disclose assets after service of the trustee summons.

The matter is before the Court on motions to dismiss of PayPal (Motion, ECF No.

73), Coinbase (Motion, ECF No. 74), and TD Bank (Motion, ECF No. 75). *See* Fed. R.

Civ. P. 12(b)(6). Evidently in response to the issues raised in the motions, Plaintiff seeks

leave to file a second amended complaint, which amendment the defendants oppose.[1] *See*

Fed. R. Civ. P. 15(a)(2). (Motion, ECF No. 78; Opposition, ECF Nos. 88, 89, 93.)

Following a review of the pleadings and after consideration of the parties'

arguments, I grant in part and deny in part Plaintiff's request to assert the claims in

Plaintiff's proposed second amended complaint. I also recommend the Court grant

---

[1] The other defendants in this matter—Bellerose Investment Group, LLC; Cory Poulin; Platinum Pawn &
Loan; and Constance Bellerose—did not file an objection to Plaintiff's motion for leave to amend its
complaint.

Defendants' motions to dismiss the claims asserted against them in the First Amended Complaint.

BACKGROUND

This action arises out of a pending companion case, *Sea Salt, LLC v. Matthew R. Bellerose, et al.*, 2:18-cv-00413-JAW ("the 2018 litigation"), in which Plaintiff alleges that the defendants in that matter engaged in a fraudulent scheme to convert/embezzle a large quantity of Plaintiff's inventory of lobsters, with a commercial value in excess of $1 million. The facts set forth below, which include the relevant events in the 2018 litigation and the instant case, are drawn from Plaintiff's First Amended Complaint (First Amended Complaint, hereinafter "Complaint," ECF No. 31) and the procedural record. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

**A.   The 2018 Action**

Plaintiff is engaged in the wholesale lobster distribution business. (Complaint ¶ 3 ECF No. 31.) Matthew Bellerose was employed by Plaintiff and oversaw the process of fulfilling and shipping lobster orders. (*Id.* ¶ 17.) In 2017, Bellerose secured a new customer (Mastro's). (*Id.* ¶ 21.) Around that same time, Plaintiff noticed that its records showed a substantial loss of product. (*Id.* ¶ 15.) While investigating the loss, Plaintiff discovered that between November 2017 and April 2018, approximately $250,000 worth of lobster had been billed to Mastro's. (*Id.* ¶ 25.) Plaintiff also discovered that during the same time period, shipping records showed that Bellerose had shipped lobster with a value of nearly $1.5 million to Mastro's. (*Id.* ¶ 26.) The discrepancy between the lobster shipped

2

and the lobster billed during this period amounted to a loss to Sea Salt in the amount of $471,620.57. (*Id.* ¶ 27.)  Plaintiff concluded that Bellerose and a corporate entity that he had established, East End Transport, LLC, had embezzled approximately $1,496,427.67. (*Id.* ¶¶ 31, 39.)

On August 3, 2018, Plaintiff filed a seven-count complaint in the Maine Superior Court (York County) against Bellerose, East End Transport, and a third defendant, Vincent Mastropasqua.  (Complaint, 2:18-cv-00413-JAW, ECF No. 1-1.)  On that same day, the state court granted Plaintiff's ex parte motion for attachment and attachment by trustee process, in the amount of $1,496,427, against the property of Bellerose, East End Transport, and Mastropasqua.[2]  *See* 14 M.R.S. § 2601; M.R. Civ. P. 4A, 4B. (Order, 2:18-cv-00413-JAW, ECF No. 1-4.)

Plaintiff served a trustee summons on TD Bank on August 8, 2018.  *See* M.R. Civ. P. 4B(c). (Complaint ¶ 54.)  On August 24, 2018, TD Bank answered the summons and verified that it held "goods, effects or credits . . . in the amount of 170,241.05" in accounts belonging to the defendants named in the 2018 litigation.  (Exhibit, 2:18-cv-00413-JAW ECF No. 5-31.)   Of those funds, $17,841.05 of the TD Bank funds attached by trustee process remain to satisfy any judgment in the 2018 litigation.  (Complaint ¶ 57.)

On August 28, 2018, Plaintiff served trustee summonses on PayPal and Coinbase (Complaint ¶¶ 62, 64; *see* Exhibit, 2:18-cv-00413-JAW, ECF Nos. 219-2, 219-6.)  PayPal

---

[2]   The state court subsequently dissolved the attachment against the property of Vincent Mastropasqua. This Court later entered a default judgment in the amount of $4.5 million against East End Transport, LLC. (Judgment, 2:18-cv-00413-JAW, ECF No. 87.)

responded to the trustee summons on September 4, 2018, and stated that it had "located several potential accounts, but based on the information available to [it], [it] cannot differentiate which belong to the party named." (Exhibit, 2:18-cv-00413-JAW, ECF No. 5-30.)   PayPal requested from Plaintiff additional identifying information for the defendants named in the summons. (*Id.*)

The 2018 litigation was removed to this Court on October 5, 2018.  (Notice of Removal, 2:18-cv-00413-JAW, ECF No. 1.)

## B.    The 2020 Claim

In this case, Plaintiff filed its original complaint on March 17, 2020, asserting claims, in relevant part, against TD Bank and Bellerose Investment Group, LLC ("BIG"). On June 30, 2020, Plaintiff filed a First Amended Complaint, which added PayPal and Coinbase as defendants.  (Complaint, ECF No. 31.)  In the complaint, Plaintiff alleges that PayPal, Coinbase, and TD Bank failed to appear and defend the trustee summonses, *see* 14 M.R.S. § 2614; made false disclosures under oath of information in answering the trustee summonses, *see* 14 M.R.S. § 2702; and negligently answered the trustee summonses.

As part of the 2018 litigation, Plaintiff had subpoenaed records from PayPal and learned that Bellerose had transferred funds from East End Transport's PayPal account into a TD Bank account ending in 6754.  (*Id.* ¶ 49.)  The TD Bank account had been opened under the name "Bellerose Investment Group, LLC".  (*Id.* ¶ 50.)  Bellerose was a beneficial owner of the account. (*Id.* ¶ 50.)  The account was not attached when Plaintiff served a trustee summons on TD Bank in 2018. (*Id.* ¶ 50.)  At all times relevant to this litigation,

BIG was a validly formed, separate business entity. (Complaint ¶ 52.) Bellerose is the sole member of BIG. (*Id.* ¶ 53.)

On April 9, 2020, this Court granted Plaintiff's motion for ex parte attachment and attachment on trustee process in the amount of $459,200 against BIG's property.[3] *See* D. Me. Local R. 64; M.R. Civ. P. 4A, 4B; 14 M.R.S. § 2601. (Order, ECF No. 7.) On May 14, 2020, Plaintiff served a writ of attachment and a trustee summons on TD Bank, PayPal, and Coinbase for property held in BIG's name.[4] (Complaint ¶ 66; Trustee Disclosures, ECF Nos. 19-1, 41, 45.) On May 28, 2020, PayPal filed a disclosure statement and declared that it held $425.76 belonging to the defendants named in the trustee summons. (Statement, ECF No. 19.) Coinbase failed to respond timely to the May 14, 2020 summons. (Complaint ¶ 67.)

TD Bank filed its disclosure on July 23, 2020, declaring that it held $4,498.38 in a BIG account ending in 6754. (Trustee Disclosure, ECF No. 41.) TD Bank had not disclosed this account after service of the 2018 trustee summons and had not determined the beneficial owner of the BIG account. (Complaint ¶¶ 82, 83.) On July 30, 2020,

---

[3] The order also granted Plaintiff's motion for ex parte attachment and attachment on trustee process in the amount of $ 74,368.65 against the property of Defendant Kimberly Mastropasqua. (Order, ECF No. 7.) On June 23, 2020, upon Plaintiff's request in connection with a settlement of the claims against Defendant Mastropasqua, the Court dissolved the attachment and attachment on trustee process against Mastropasqua. (Order, ECF No. 27.) Plaintiff has since voluntarily dismissed all claims asserted against Defendant Mastropasqua. (Notice of Dismissal, ECF No. 29.)

[4] Plaintiff's complaint does not allege, and the docket does not reflect, when the 2020 trustee summons was served on TD Bank or when the executed summons was returned. TD Bank states in its July 30, 2020, trustee disclosure that Plaintiff "shared" the writ of attachment with TD Bank on April 28, 2020, and again, after the filing of the first amended complaint, on July 13, 2020. (Trustee Disclosure, ECF No. 41.) *See* 14 M.R.S. § 2608-A (describing the means for effectuating service of trustee process on a financial institution).

Coinbase filed its disclosure in response to the May 14 trustee summons and declared that, as of June 8, 2020, it held cryptocurrencies valued at approximately $46 in an account belonging to BIG.  (Trustee Disclosure, ECF 45.)

In August 2020, Defendants PayPal, Coinbase, and TD Bank moved to dismiss Plaintiff's first amended complaint.  *See* Fed. R. Civ. P. 12(b)(6).  (Motions, ECF Nos. 73, 74, 75.)  Plaintiff now seeks leave to file a second amended complaint.

## DISCUSSION

### A.    Motions to Dismiss

#### 1.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom."  *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).  However, the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements[,]' then 'take the complaint's well-pled (i.e., non-conclusory,

non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration in original) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)). A court may also "consider (a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55-56 (1st Cir. 2012) (quoting *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

### 2. Plaintiff's Response to Motions to Dismiss

Plaintiff alleges that TD Bank, PayPal, and Coinbase "failed to disclose" accounts belonging to Bellerose and BIG when responding to the 2018 and 2020 trustee summonses. *See* 14 M.R.S. § 2614.[5]  (Complaint ¶ 88, 90.)  Plaintiff also alleges that TD Bank, PayPal, and Coinbase were negligent in inquiring about and disclosing assets held by Bellerose and BIG.  (*Id.* ¶¶ 92-103.)

In its opposition to the motions to dismiss and in support of its motion for leave to amend, Plaintiff "concedes that a violation of 14 M.R.S. § 2614 should be litigated in the underlying civil action because default against a trustee who fails to appear is an ancillary proceeding."  (Motion ¶ 8, ECF No. 78; *see* Opposition, ECF No. 79.)  Plaintiff also "concedes that no special relationship existed between it and Defendants PayPal, Coinbase,

---

[5]  A claim for failure to disclose is more properly brought under 14 M.R.S. § 2701.  Here, Plaintiff alleges that pursuant to 14 M.R.S. 2614, the defendants had failed to disclose relevant account information. However, a claim under section 2614 arises when a trustee "neglects to appear and answer to the action." 14 M.R.S. § 2614.

and TD Bank, which would give rise to a duty of care under Maine law" and "acknowledges that Maine law does not permit a cause of action for negligence based on a statutory violation if a duty of care does not otherwise exist." (Motion ¶ 6; *see* Motion, ECF No. 78.) Given Plaintiff's concessions, dismissal of Plaintiff's negligence claim and its claim arising under 14 M.R.S. 2614 is appropriate.[6] *See Schatz*, 669 F.3d at 55-56 (quoting *Arturet-Velez*, 429 F.3d at 13 n.2 (1st Cir. 2005) (permitting a court to consider "'concessions' in plaintiff[s'] 'response to the motion to dismiss'").

### 3.      Plaintiff's Claims for False Disclosure: 14 M.R.S. § 2702

Plaintiff alleges that pursuant to 14 M.R.S. 2702, TD Bank "willfully and knowingly submitted a false disclosure under oath, omitting the balance of the BIG account from the disclosure and failing to freeze the assets in the account" following service of the 2018 trustee summons. (Complaint ¶ 89.) Plaintiff also asserts that PayPal and Coinbase "failed to disclose under oath assets belonging to Defendant [Bellerose] in the [2018] litigation, or to Defendant BIG in this [2020] litigation" when answering their respective trustee summonses. (*Id.* ¶ 90.)

Under Maine law, "trustee process may be used . . . for the purpose of securing satisfaction of the judgment for damages and costs which the plaintiff may recover." M.R. Civ. P. 4B(a); *see* 14 M.R.S. § 2601. After an order of attachment on trustee process is entered by a court, the procedural requirements for service of the trustee summons on a

---

[6]   On September 30, 2020, Plaintiff filed a motion for entry of default against Coinbase, alleging that, pursuant to M.R. Civ. P. 4B(e) and 14 M.R.S. 2614, Coinbase failed to answer timely the 2020 trustee summons and, therefore, "must" be defaulted for failing to timely submit a disclosure. (Motion, ECF No. 81.) This recommended decision does not address Plaintiff's pending motion for entry of default.

trustee are governed by rule and statute.[7]  *See* M.R. Civ. P. 4B(b)-(c); 14 M.R.S. §§ 2608, 2608-A; *Davis v. U.S. Bobbin & Shuttle Co.*, 118 Me. 285, 286, 107 A. 865 (1919) ("Trustee process . . . is unknown to the common law.  It is a creature of statute, and the rights as well as the procedure are governed by statute.").  "Service on the trustee binds all goods, effects or credits of the principal defendant entrusted to and deposited in the trustee's possession, to respond to the final judgment in the action, as when attached by ordinary process if process describing the principal defendant with reasonable certainty is received at a time and in a manner that affords the trustee a reasonable opportunity to act on it."  14 M.R.S. § 2603; *see Coombs v. Government Employees Ins. Co.*, 534 A.2d 676, 678 (Me. 1987) (stating that, in general, Maine courts "determine[] 'the validity of trustee process on the state of facts existing at the moment process was served" (quoting *Coombs v. Russell*, 511 A.2d 448, 449 (Me. 1986)).

Following proper service of a trustee summons by a plaintiff, "[a] trustee shall serve that trustee's disclosure under oath within 20 days after the service of the trustee summons upon that trustee, unless the court otherwise directs."  M.R. Civ. P. 4B(e).  A trustee who serves a trustee disclosure and "willfully and knowingly answers falsely, shall be deemed

---

[7]  The Maine Rules of Civil Procedure require that "[a]ny trustee process shall be served within 30 days after the date of the order approving the attachment." M.R. Civ. P. 4B(c).  Although Plaintiff timely served the 2018 trustee summons on TD Bank, PayPal, and Coinbase, Plaintiff did not serve the 2020 trustee summons within the 30-day period.  On April 9, 2020, the Court granted Plaintiff's motion for ex parte attachment and attachment on trustee process in the amount of $459,200 against BIG's property.  *See* D. Me. Local R. 64; M.R. Civ. P. 4A, 4B. (Order, ECF No. 7.)  In its complaint, Plaintiff alleges that the 2020 trustee summonses were not served on PayPal and Coinbase until May 14, 2020; the complaint and the record do not show that a trustee summons was properly served on TD Bank.  (*See* Complaint ¶ 66; Trustee Disclosures, ECF Nos. 19-1, 41, 45.)  To the extent that the service of the trustee summonses was untimely, the Court nonetheless finds that defendants have waived their challenge to that defense.  *See* Fed. R. Civ. P. 12(h).

guilty of perjury, and shall pay to the plaintiff in the action so much of the judgment recovered against the principal defendant as remains unsatisfied, with interest and costs, to be recovered in a civil action."[8]  14 M.R.S. § 2702.

### a.    TD Bank

Plaintiff alleges that TD Bank "submitted a false disclosure under oath, omitting the balance of the BIG account" from TD Bank's 2018 disclosure.  (Complaint ¶ 89.)  To prevail on its claim, Plaintiff must establish that TD Bank "willfully and knowingly answer[ed] falsely" in its disclosure.  14 M.R.S. § 2702.  A review of the complaint reveals that when the state court granted Plaintiff's ex parte motion for attachment and attachment by trustee process, the court's order, in relevant part, named as defendants Bellerose and East End Transport.  (Order, 2:18-cv-00413-JAW, ECF No. 1-4.)  TD Bank's disclosure in response to the 2018 trustee summons verified that it held "goods, effects or credits . . . in the amount of 170, 241.05" in accounts belonging to those named defendants.  (Exhibit, 2:18-cv-00413-JAW ECF, No. 5-31.)  A trustee summons must "describ[e] the principal defendant with reasonable certainty."  14 M.R.S. § 2603.  The 2018 trustee summons does not mention BIG, and particularly not with "reasonable certainty."  In fact, Plaintiff acknowledges that although Bellerose was the "sole member of BIG," BIG was a "separate business entity."  (Complaint ¶¶ 42, 43.)

---

[8]  When a properly served trustee "neglects to appear and answer to the action, the trustee must be defaulted and adjudged trustee to the extent that such a person holds goods, effects or credits of the principal defendant otherwise available to satisfy the unsatisfied portion of final judgment."  14 M.R.S. § 2614.  In such instances, a trustee may also be liable for "the assessment of costs under [14 M.R.S. §] 2701 or, in a proper case, contempt."  *Id.*

Plaintiff's allegations and the relevant documents establish that the trustee summons did not require TD Bank to disclose BIG's assets and that BIG is a separate legal entity from Matthew Bellerose, who was named with reasonable certainty on the trustee summons. Plaintiff, therefore, has not alleged a claim against TD Bank under § 2702.

### b.    PayPal and Coinbase

Plaintiff alleges that PayPal and Coinbase "failed to disclose" assets belonging to Bellerose following the 2018 trustee summons and assets belonging to BIG following the 2020 trustee summons. *See* 14 M.R.S. § 2702. (Complaint ¶ 90.)

As to the 2018 trustee summons, the state court's attachment and attachment by trustee order named, in relevant part, Bellerose and East End Transport.  (Order, 2:18-cv-00413-JAW, ECF No. 1-4.)  After Plaintiff served a trustee summons on PayPal, PayPal responded that although it had "located several potential accounts," it "[could not] differentiate which belong to the party named."  (Exhibit, 2:18-cv-00413-JAW, ECF No. 5-30.)  PayPal then requested additional information from Plaintiff in order to identify the defendants named in the summons.  (*Id.*)  Plaintiff alleges no facts—other than that the trustee summons was served on August 28, 2020—that demonstrate that Coinbase "willfully and knowingly answer[ed] falsely" in its 2018 trustee disclosure.  14 M.R.S. § 2702.  In either instance, whether a request for more information or a failure to respond, Plaintiff's allegations do not constitute a willful, knowing false disclosure under oath.  *See id.*

In response to the 2020 trustee summons, PayPal filed a disclosure statement on May 28, 2020, and declared that it held $425.76 belonging to the defendants named in the

trustee summons.  Neither TD Bank nor Coinbase had filed a disclosure statement at the time Plaintiff filed its first amended complaint and, thus, had not yet answered the 2020 trustee summons.[9] A failure to respond might constitute a basis for relief under § 2701, but does not support a claim under § 2702.  As such, Plaintiff has failed to plead facts that would support a claim that PayPal or Coinbase "willfully and knowingly answer[ed] falsely" in its 2020 trustee disclosure.  14 M.R.S. § 2702.

## B.    Motion for Leave to Amend Complaint

Plaintiff has filed a motion for leave to file a second amended complaint.  In the proposed second amended complaint, Plaintiff asserts, in relevant part, claims of (1) Failure to Disclose and False Disclosure, *see* 14 M.R.S. §§ 2701-2702; (2) fraudulent misrepresentation; (3) unjust enrichment; and (4) conversion.  (Proposed Second Amended Complaint," ECF No. 78-1.)  Defendants TD Bank, PayPal, and Coinbase each oppose Plaintiff's motion to amend, arguing that leave to amend the complaint would be futile.

### 1.    Additional Facts Alleged in Proposed Amended Complaint

Plaintiff alleges the following relevant facts in its Proposed Second Amended Complaint ("Proposed Complaint.)

### a.    TD Bank

Plaintiff served a trustee summons on TD Bank on August 8, 2018, and TD Bank filed its trustee disclosure on August 24, 2018. (Complaint ¶ 54; Proposed Complaint ¶¶

---

[9]  As noted above, TD Bank eventually filed its disclosure statement on July 23, 2020, and declared that it held $4,498.38 in the BIG account ending in 6754.  (Trustee Disclosure, ECF No. 41.)  Coinbase filed its disclosure on July 20, 2020, declaring that it held approximately $46 in an account belonging to BIG.

54-55; *see* Exhibit, 2:18-cv-00413-JAW, ECF No. 5-31.)   In the proposed complaint, Plaintiff alleges that TD Bank failed to disclose, in response to the 2018 trustee summons, that it held assets in an account belonging to BIG and that TD Bank failed to disclose records relating to BIG when Plaintiff subpoenaed records for Bellerose in 2019. (Proposed Complaint ¶¶ 59-61.)   Plaintiff alleges that "most if not all of the contact information for BIG was the same as" the contact information for East End Transport and Bellerose, both of whom had been named in the 2018 trustee summons and 2019 subpoena. (*Id.* ¶ 62.)

Additionally, Plaintiff alleges that TD Bank "violated the federal Bank Secrecy Act and the Department of the Treasury's Financial Crimes Enforcement Network ('FinCEN') regulations regarding identification of beneficial owners for corporate bank accounts," which, if followed, would have alerted TD Bank to also disclose any accounts belonging to BIG.  (*Id.* ¶¶ 64-69.)   Plaintiff asserts that TD Bank follows the Bank Secrecy Act as a matter of ordinary and standard business operations.  (*Id.* ¶ 68.)   According to Plaintiff, TD Bank also has a form entitled, "Certification Regarding Beneficial Owners of Legal Entity Customers," that should have alerted it to Bellerose being a beneficial owner of the BIG account.  (*Id.* ¶¶ 65, 115.)   As a result, Plaintiff maintains that TD Bank "knew or should have known" that Bellerose was a beneficial owner of the BIG account when answering the 2018 trustee summons.  (*Id.* ¶¶ 70-71.)

### b.    PayPal and Coinbase

Plaintiff served a trustee summons on PayPal and Coinbase on August 28, 2018. (Complaint ¶¶ 62, 64; Proposed Complaint ¶¶ 74, 84; *see* Exhibit, 2:18-cv-00413-JAW,

ECF No. 219-2, 219-6.)   PayPal answered the summons on September 4, 2018, and requested additional identifying information from Plaintiff for the defendants named in the summons.  (Exhibit, 2:18-cv-00413-JAW, ECF No. 5-30.) Plaintiff alleges that in response to PayPal's request, on September 10, 2018, Plaintiff provided PayPal with the date of birth and address for Bellerose.  (Proposed Complaint ¶¶ 79-80.)   Thereafter, PayPal did not provide a sworn disclosure under oath in response to the 2018 trustee summons.  (*Id.* ¶¶ 80-81.)  PayPal also failed to provide records pertaining to BIG in response to Plaintiff's 2019 subpoena.  (*Id.* ¶ 82.)

Plaintiff alleges that Coinbase failed to provide timely its disclosure in response to the August 28, 2018 trustee summons. (*Id.* ¶ 86.)   On December 11, 2018, Coinbase responded by email to Plaintiff, stating that "Coinbase has either (1) been unable to identify any Coinbase customers matching the information provided in the Summons to Trustee, or (2) has identified such customer(s) and can confirm that any account held at Coinbase does not (and has never) had any cryptocurrency or dollar-value held in the account."  (Proposed Complaint ¶ 87; *see* Exhibit, 2:18-cv-00413-JAW, ECF No. 219-7.)  Coinbase also failed to respond to a subpoena served by Plaintiff on October 29, 2019.  (Proposed Complaint ¶¶ 89-90.)

In response to the May 14, 2020, trustee summons, Coinbase failed to respond within 20 days of being served.  (*Id.* ¶ 93.)  Coinbase emailed Plaintiff on July 1, 2020, stating that it had "identified accounts that belong to the individuals described in the [trustee summons]," but noted "that the balance in the account is zero or de minimis. On that basis, Coinbase will take no further action with respect to this [trustee summons] and

will formally close this matter." (*Id.* ¶ 94.)  Coinbase filed a disclosure under oath on July 30, 2020.  (*Id.* ¶ 95.)

In the time since Plaintiff moved for leave to file its second amended complaint, Plaintiff filed a motion for entry of default against Coinbase on September 30, 2020, alleging that Coinbase "failed to appear in this action by submitting a disclosure under oath within 20 days."  (Motion, ECF No. 81.)  Additionally, in the 2018 litigation, Plaintiff has moved for—and the Court has entered— a default against PayPal and Coinbase.  (Motion, 2:18-cv-00413-JAW, ECF No. 219; Order, 2:18-cv-00413-JAW, ECF No. 231.)

### 2.    Standard of Review

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Subject to certain time constraints, "[a] party may amend its pleading once as a matter of course."  Fed. Civ. P. 15(a)(1).  "Otherwise, as here, 'a party may amend its pleading only with the opposing party's written consent or the court's leave,' and '[t]he court should freely give leave when justice so requires.'"  *Old Town Util. & Tech. Park, LLC v. Consol. Edison Sols., Inc.*, No. 2:19-cv-00029-JDL, 2020 U.S. Dist. LEXIS 94294, at *10-11 (D. Me. May 29, 2020) (quoting Fed. Civ. P. 15(a)(2)).  "[T]he 'spirit of the rule' dictates a preference for decisions 'on the merits, not because of missteps by counsel in pleading.'" *Id.* at *11 (alteration in original) (quoting *J.S. McCarthy, Co. v. Brausse Diecutting & Converting Equip., Inc.*, 226 F.R.D. 14, 17 (D. Me. 2005)).

As the First Circuit has stated, "this 'does not mean . . . that a trial court must mindlessly grant every request for leave to amend.'"  *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 20 (1st Cir. 2017) (alteration in original) (quoting *Aponte-Torres v. University*

*of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)).  "Rather, 'a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'"  *Id.* (alteration in original) (quoting *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013)).  As relevant here, when "a plaintiff seeks to amend [its] complaint prior to the commencement or completion of discovery, [a court] view[s] futility through the lens of Federal Rule of Civil Procedure 12(b)(6)."  *Parker v. Landry*, 935 F.3d 9, 13 (1st Cir. 2019).  "[A] proposed amendment is futile if it fails to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### 3.   Plaintiff's Claims Pursuant to 14 M.R.S. §§ 2701, 2702

In the Proposed Complaint, Plaintiff asserts claims against TD Bank, PayPal, and Coinbase based on Maine's Trustee Process Statute.  *See* 14 M.R.S. §§ 2601-3105. Plaintiff argues that the PayPal and Coinbase failed to serve a disclosure under oath within the time required, *see* 14 M.R.S. § 2701, and that, once disclosures were filed, all three defendants made false disclosures under oath, *see* 14 M.R.S. § 2702.  (Proposed Complaint ¶¶ 109-121.)

The requirements of Maine's trustee process law are outlined above.  *See supra*, Discussion A.3.  As relevant here, 14 M.R.S. § 2701 provides that "[i]f a person resident in the county in which the action is commenced is summoned and neglects to serve a disclosure under oath submitting to examination within the time required therefor, without reasonable excuse, he is liable for all costs afterwards arising in the action, to be paid out of his own goods or estate if judgment is rendered for the plaintiff, unless paid out of the

goods or effects in his hands belonging to the principal."  The "time required," *id.*, is governed by Maine Rule of Civil Procedure 4B.  Once summonsed, "[a] trustee shall serve that trustee's disclosure under oath *within 20 days after the service of the trustee summons* upon that trustee, unless the court otherwise directs."  M.R. Civ. P. 4B(e) (emphasis added); *see Worrey v. Fournier*, 1999 ME 78, ¶ 6, 729 A.2d 907 ("[I]t is the trustee . . . who is responsible for filing the disclosure and who suffers the consequences of not making a timely disclosure.").  "Because prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by legislation and implemented by court rules."  *Lindner v. Berry*, 2003 ME 91, ¶ 4, 828 A.2d 788 (quoting *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993)).

Pursuant to 14 M.R.S. § 2702, a trustee who serves a trustee disclosure and "willfully and knowingly answers falsely, shall be deemed guilty of perjury, and shall pay to the plaintiff in the action so much of the judgment recovered against the principal defendant as remains unsatisfied, with interest and costs, to be recovered in a civil action."

### a.      Plaintiff's claim under 14 M.R.S. § 2701

Plaintiff argues that PayPal failed to respond timely to the 2018 trustee summons and that Coinbase failed to respond timely to the 2018 and 2020 trustee summonses. (Proposed Complaint ¶¶ 80-81, 86, 93, 120.)

Here, Plaintiff served a trustee summons on PayPal and Coinbase on August 28, 2018.  (Complaint ¶¶ 62, 64; Proposed Complaint ¶¶ 74, 84; *see* Exhibit, 2:18-cv-00413-JAW.)  Although both PayPal and Coinbase communicated with Plaintiff following service of the 2018 trustee summons (Proposed Complaint ¶¶ 79-81, 86-87), according to

Plaintiff's allegations in the proposed complaint, neither party filed a sworn disclosure "within 20 days after the service of the trustee summons upon th[e] trustee."  M.R. Civ. P. 4B(e); *see* 14 M.R.S. §§ 2701, 2706.  Coinbase did not serve its disclosure in response to the 2020 trustee summons within this 20-day period.  (*Id.* ¶§ 93-94.)

Given that "there must be strict compliance with the procedures prescribed by legislation and implemented by court rules," *Lindner*, 2003 ME 91, ¶ 4, 828 A.2d 788 (quoting *Wilson*, 634 A.2d at 1254)), during a trustee process proceeding, and given the legitimate question as to whether the communications by PayPal and Coinbase constitute a response to the summons and permit them to avoid liability under § 2701, the Court cannot conclude that Plaintiff is not entitled to relief under section 2701.

### b.      Plaintiff's claim under 14 M.R.S. § 2702

Plaintiff also asserts that TD Bank "willfully and knowingly submitted a false disclosure under oath, omitting the balance of the BIG account from the [2018] disclosure and failing to freeze the assets in the account."  (*Id.* ¶ 119.)  Plaintiff argues that TD Bank "failed to accurately disclose" assets held by Bellerose, the beneficial owner of the BIG account ending in 6754, when it answered the 2018 trustee summons.

Section 2702 provides that a trustee who serves a trustee disclosure and "willfully and knowingly answers falsely, shall be deemed guilty of perjury, and shall pay to the plaintiff in the action so much of the judgment recovered against the principal defendant as remains unsatisfied, with interest and costs, to be recovered in a civil action."  14 M.R.S. ¶ 2702.

Plaintiff alleges that TD Bank answered the summons on August 24, 2018, and verified that it held "goods, effects or credits . . . in the amount of 170,241.05" in accounts belonging to the named defendants in the 2018 litigation.  (Proposed Complaint ¶¶ 55-56; Exhibit, 2:18-cv-00413-JAW.) The named defendants in the 2018 trustee summons were Bellerose and East End Transport. (*Id.*) In the proposed complaint, Plaintiff alleges that TD Bank had "policies and procedures" for determining the beneficial owners of corporate accounts.  (Proposed Complaint ¶¶ 64-69, 114-16.)  In effect, Plaintiff alleges that TD Bank, by failing to determine that Bellerose was a beneficial owner of the BIG account when responding to the 2018 trustee summons, "willfully and knowingly answer[ed] falsely."  14 M.R.S. § 2702.  While Plaintiff's proposed allegations might suggest that TD Bank was negligent in failing to follow its policies, as discussed above and as Plaintiff conceded, Plaintiff cannot prevail on a negligence claim.  Plaintiff has failed to allege facts that would support a finding that TD Bank "willfully and knowingly" answered falsely particularly where the 2018 trustee summons did not describe the BIG account "with reasonable certainty," 14 M.R.S. § 2603, and BIG was a "separate" and distinct entity. (Proposed Complaint ¶¶ 52, 156) *See First Union Nat'l Bank v. Clark*, 2002 U.S. Dist. LEXIS 13084, at * 4-7 (D. Me. Jul. 17, 2002) (denying motion for attachment by trustee process for a commercial account belonging to an LLC)).  An amendment to permit Plaintiff to assert a claim against TD Bank under § 2702 based on its response to the 2018 trustee summons would thus be futile.

### 4.      Plaintiff's Fraudulent Misrepresentation Claim

Plaintiff seeks to assert a claim of fraudulent misrepresentation, alleging that "TD Bank, PayPal, and Coinbase each made material and false misrepresentations of fact to Plaintiff in connection with the . . . trustee summonses and subpoenas in the [2018] litigation."  (Proposed Complaint ¶ 123.)

"[T]he tort of fraudulent misrepresentation is proved with evidence '(1) that the defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it is true or false, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and, (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage.'"  *In re Boardman*, 2017 ME 131, ¶ 9, 166 A.3d 106 (quoting *Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 9, 832 A.2d 771).  Moreover, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)* (noting that "the pleader usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation").  Rule 9(b)'s "heightened requirement serves '(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations.'"  *Enercon v. Global Computer Supplies, Inc.*, 675 F. Supp. 2d 188, 191 (D. Me. 2009) (quoting *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987)).

For Plaintiff to state a claim for fraudulent misrepresentation, it must allege with particularity in its proposed complaint facts that demonstrate that each defendant made a false misrepresentation in its 2018 trustee disclosure, "with knowledge of its falsity or in reckless disregard of whether it is true or false." *Boardman*, 2017 ME 131, ¶ 9, 166 A.3d 106 (quoting *Rand*, 2003 ME 122, ¶ 9, 832 A.2d 771)).   The claim of fraudulent misrepresentation against TD Bank is duplicative of a claim of false disclosure under Maine trustee process law, 14 M.R.S. § 2702.   For the reasons discussed above in the context of Plaintiff's attempt to assert a claim under § 2702, an amendment to permit a fraudulent misrepresentation claim against TD Bank would be futile.

As to PayPal, Plaintiff alleges that PayPal requested additional information regarding the 2018 trustee summons and that, in response, it had provided PayPal with the date of birth and address for Bellerose.  (Proposed Complaint ¶¶ 79-87.)  Thereafter, PayPal did not provide a sworn disclosure under oath in response to the 2018 trustee summons. (*Id.* ¶¶ 80-81.)   Plaintiff alleges that on December 11, 2018, in response to the trustee summons, Coinbase emailed Plaintiff and stated that "Coinbase has either (1) been unable to identify any Coinbase customers matching the information provided in the Summons to Trustee, or (2) has identified such customer(s) and can confirm that any account held at Coinbase does not (and has never) had any cryptocurrency or dollar-value held in the account." (Proposed Complaint ¶ 87; *see* Exhibit, 2:18-cv-00413-JAW.) Plaintiff has simply not alleged in the proposed complaint that PayPal or Coinbase made any statement to Plaintiff "with knowledge of its falsity or in reckless disregard of whether it is true or false," nor does the defendants' failure to respond or to file a disclosure under oath establish

a claim for fraudulent misrepresentation.   An amendment to permit a fraudulent misrepresentation claim, therefore, would be futile.

     5.    **Plaintiff's Unjust Enrichment Claim**

Plaintiff seeks to assert a claim of unjust enrichment.  Plaintiff argues that Bellerose and BIG "converted" the stolen property and inventory from Plaintiff and then "used Defendants' services to launder" the proceeds from this property.  (Proposed Complaint ¶ 130.)  Plaintiff argues that this resulted in Plaintiff conferring a benefit on the defendants by way of "bank, processing and/or transaction fees."  (*Id.* ¶¶ 130-31.)

"A claim for unjust enrichment requires the complaining party to 'show that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.'"  *Platz Assocs. V. Finley*, 2009 ME 55, ¶ 27, 973 A.2d 743 (quoting *Me. Eye Care Assocs. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707).  "The rationale for allowing recovery under the doctrine of unjust enrichment is that it is contrary to equity and good conscience for a party to retain a benefit received at the expense of the other party."  *Estate of White*, 521 A.2d 1180, 1182-83 (Me. 1987); *see A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, 105 n.3 (Me. 1994) ("Unjust enrichment describes recovery for the value of the benefit retained . . . when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay.").

Even if a benefit in the form of bank fees was conferred upon the defendants, any such benefit was conferred by Bellerose and his related entities, not by Plaintiff.  *See*

*Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me 2005) (denying leave to amend a complaint as futile where a benefit "was not conferred on the defendants by the plaintiffs, but rather by third parties"). Plaintiff, therefore, has not alleged facts that would support an unjust enrichment claim. An amendment to permit an unjust enrichment claim would be futile.

### 6.   **Plaintiff's Conversion Claim**

Plaintiff seeks leave to amend its complaint to assert a claim of conversion against TD Bank, PayPal, and Coinbase. "The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion." *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798. "The necessary elements to establish a claim for conversion are a showing that (1) the person claiming that his or her property was converted has a property interest in the property; (2) the person had the right to possession at the time of the alleged conversion; and (3) the party with the right to possession made a demand for its return that was denied by the holder." *Estate of Barron v. Shapiro & Morley, LLC*, 2017 ME 51, ¶ 14, 157 A.3d 769. "The crux of a claim for conversion is that the plaintiff's interest in and right to his own property have been, in fact, seriously interfered with." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 22, 48 A.3d 774. As such, "[t]here can be no conversion of property by one who has a right to the property." *Leighton v. Fleet Bank*, 634 A.2d 453, 457 (Me. 1993).

Plaintiff asserts that Bellerose and the defendants in the 2018 litigation "embezzled funds from Sea Salt by stealing a massive amount of live lobster product and shipping it to customers" and that TD Bank, PayPal, and Coinbase "have each profited from the money

laundering alleged in this case as well as the [2018] litigation in the form of bank or transaction/processing fees." (Proposed Complaint ¶¶ 144, 150.)  Any conversion of the property—that is, lobster—in which Plaintiff held an interest occurred before the allegedly embezzled funds were deposited into accounts maintained by defendants.  *See Barron*, 2017 ME 51, ¶ 14, 157 A.3d 769.  Further, to the extent that Plaintiff asserts that the trustee summonses served on TD Bank, PayPal, and Coinbase constituted a "demand" for the return of Plaintiff's property, Plaintiff's argument is unpersuasive as Maine's trustee process law provides a means afte*r* judgment is entered to procure the return of a plaintiff's property still held by a trustee.  *See* 14 M.R.S. § 2951; *see also Smith v. Davis*, 131 Me. 9, 12, 158 A. 359, 361 (Me. 1932) ("Trustee process is simply a form of attachment, the purpose of which is to place a lien on the goods, effects or credits of the principal defendant in the hands of the trustee. The enforcement of such lien must of necessity await the entry of final judgment against the principal defendant." (citation omitted)).  The service of the summons simply does not constitute a demand as an element of a conversion claim.

In sum, Plaintiff has not asserted facts that would support a conversion claim.  An amendment to assert a conversion claim thus would be futile.

## CONCLUSION

Based on the foregoing analysis, I grant in part and deny in part Plaintiff's motion for leave to file a second amended complaint.  I deny Plaintiff's request to assert claims of false disclosure under 14 M.R.S. § 2702, fraudulent misrepresentation, unjust enrichment,

and conversion.  I grant Plaintiff's request to assert a claim against PayPal and Coinbase for the remedy available under 14 M.R.S. § 2701.[10]

I also recommend that the Court grant Defendants' motions to dismiss the claims asserted against PayPal, Coinbase, and TD Bank in the First Amended Complaint.

## NOTICE

Any objections to the order on the motion to amend shall be filed within 14 days in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of December, 2020.

---

[10] While I have determined that Plaintiff has asserted a potential claim for recovery under § 2701, I note that Plaintiff's ability to recover under § 2701 is limited to the costs of litigation if judgment is rendered for Plaintiff.  I will schedule, therefore, a conference with counsel to discuss whether Plaintiff's claim under § 2701 should be deferred until after the conclusion of the litigation of Plaintiff's claims against the non-trustee defendants and whether the claims are more appropriately asserted by motion or an amendment to Plaintiff's complaint.