UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TD BANK, NA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   2:20-cv-00099-JAW <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PARTIAL OBJECTION TO RECOMMENDED DECISION**

A company objects in part to the Magistrate Judge's recommended decision to dismiss its complaint and to deny leave to amend its complaint. Specifically, the company claims it should be granted leave to amend and to allege that, in response to trustee summonses, three financial institutions willfully and knowingly submitted false disclosures under oath, in violation of 14 M.R.S. § 2702. Adopting the Magistrate Judge's reasoning and conclusions, the Court addresses the company's objections and rejects them as unsupported by the record or incorrect on the law for the reasons the Magistrate Judge articulated and the Court sets forth in this Order.

**I.    BACKGROUND**

    **A.    Procedural History**

        **1.    The Initial and First Amended Complaints**

On March 16, 2020, Sea Salt, LLC (Sea Salt) filed a complaint in this Court against Bellerose Investment Group, LLC (BIG), TD Bank, N.A. (TD Bank), Kimberly Mastropasqua, Cory Poulin, Platinum Pawn & Loan, and Constance Bellerose.

*Compl.* (ECF No. 1) (*Compl.*).[1] On June 30, 2020, Sea Salt filed its First Amended Complaint, adding PayPal, Inc. (PayPal) and Coinbase, Inc. (Coinbase) as defendants. *Pl.'s First Am. Compl. and Demand for Jury Trial* (ECF No. 31) (*First Am. Compl.*).

### 2. The Motions to Dismiss

On August 28, 2020, PayPal filed a motion to dismiss Sea Salt's First Amended Complaint. *Def. PayPal, Inc.'s Mot. to Dismiss Pl.'s First Am. Compl.* (ECF No. 73) (*PayPal Mot. to Dismiss*). On the same day, Coinbase filed a motion to dismiss the First Amended Complaint. *Def. Coinbase, Inc.'s Mot. to Dismiss Am. Compl.* (ECF No. 74) (*Coinbase Mot. to Dismiss*). On August 31, 2020, TD Bank filed its motion to dismiss the First Amended Complaint. *TD Bank, N.A.'s Mot. to Dismiss* (ECF No. 75) (*TD Bank Mot. to Dismiss*). On September 25, 2020, Sea Salt filed its opposition to each of the motions to dismiss. *Pl.'s Consolidated Opp'n to Defs.' Mots. to Dismiss* (ECF No. 79) (*Pl.'s Opp'n*). On October 2, 2020, TD Bank filed a reply to Sea Salt's opposition to its motion to dismiss. *Def. TD Bank, N.A.'s Reply Supporting TD Bank's Mot. to Dismiss* (ECF No. 85). On October 16, 2020, PayPal filed its reply to Sea Salt's opposition. *Def. PayPal, Inc.'s Combined Reply in Supp. of Mot. to Dismiss and Resp.*

---

[1] On June 29, 2020, Sea Salt filed a voluntary notice of dismissal as against Kimberly Mastropasqua, *Notice of Voluntary Dismissal* (ECF No. 29), and she was terminated as a Defendant that day.
  On August 3, 2020, Sea Salt moved for entry of default against BIG and for a hearing on its request for default judgment against BIG. *Pl.'s Mot. for Entry of Default Against Def. Bellerose Investment Group, LLC and Req. for Hr'g on Rule 55(b)(2) Mot. for Default J.* (ECF No. 50). On August 4, 2020, the Clerk entered a default against BIG. *Order Granting Mot. for Entry of Default* (ECF No. 52). On August 6, 2020, the Court granted Sea Salt's request for a hearing on the motion for default judgment; however, due to the COVID-19 pandemic, as the Court was not holding evidentiary hearings inside the courthouse, it ordered the Clerk's Office to schedule an evidentiary hearing on the motion for default judgment as soon as possible once the District recommences evidentiary hearings within the courthouse. *Order* (ECF No. 54). Evidentiary hearings have not yet recommenced.

*in Opp'n to Pl.'s Mot. for Leave to File its Second Am. Compl.* (ECF No. 89) (*PayPal Opp'n*).

### 3. The Motion to Amend the First Amended Complaint

Also on September 25, 2020, Sea Salt filed a motion for leave to file a second amended complaint. *Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 78) (*Pl.'s Mot. to Amend*). The proposed Second Amended Complaint omitted the negligence count, maintained the Maine statutory count under 14 M.R.S. § 2702, and added a Maine statutory count under 14 M.R.S. § 2701, as well as common law claims of fraudulent misrepresentation, unjust enrichment, and conversion. *Id.*, Attach. 1, *Second Am. Compl.* ¶¶ 109-32, 143-52. On October 16, 2020 and October 23, 2020, respectively, Coinbase, PayPal and TD Bank filed their opposition to Sea Salt's motion to amend, arguing that amendment would be futile. *Coinbase's Obj. to Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 88) (*Coinbase Opp'n*); *PayPal Opp'n*; *Def. TD Bank, N.A.'s Opp'n to Mot. for Leave to File Second Am. Compl.* (ECF No. 93) (*TD Bank Opp'n*). On November 20, 2020, Sea Salt filed its consolidated reply to the oppositions to its motion for leave to file a second amended complaint. *Pl.'s Consolidated Reply Mem. in Supp. of Mot. for Leave to File Second Am. Compl.* (ECF No. 99) (*Pl.'s Reply*).

### 4. The Motion for Entry of Default

On September 30, 2020, Sea Salt filed a motion for entry of default against Trustee/Defendant Coinbase. *Pl.'s Mot. for Entry of Default against Trustee/Defendant Coinbase* (ECF No. 81). On October 21, 2020, Coinbase filed an

3

objection to Sea Salt's motion for entry of default or in the alternative a motion to set aside default. *Coinbase's Obj. to Pl.'s Mot. for Entry of Default Against Def./Trustee Coinbase, Inc. and Alternatively, Mot. to Set Aside Entry of Default* (ECF No. 92). On November 20, 2020, Sea Salt filed a reply to Coinbase's response to Sea Salt's entry of default. *Pl.'s Reply Mem. in Supp. of Mot. for Entry of Default Against Coinbase, Inc.* (ECF No. 98).

### 5.     The Recommended Decision and Objection

On December 10, 2020, the Magistrate Judge issued a recommended decision. *Recommended Decision on Defs.' Mots. to Dismiss and Order on Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 100) (*Recommended Decision*). On December 31, 2020, Sea Salt filed a partial objection to the Recommended Decision. *Pl.'s Partial Obj. to Recommended Decision on Mots. to Dismiss and Mot. for Leave to File Second Am. Compl.* (ECF No. 104) (*Pl.'s Partial Obj.*). On January 7, 2021, TD Bank filed its opposition to Sea Salt's partial objection. *Def. TD Bank, N.A.'s Resp. to Sea Salt's LLC Partial Obj. to the Recommended Decision on Defs.' Mots. to Dismiss and Order on Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 105) (*TD Bank's Resp.*). On January 12, 2021, Coinbase filed its opposition to Sea Salt's partial objection. *Coinbase Inc.'s Resp. to Pl.'s Partial Obj. to Recommended Decision on Mots. to Dismiss and Mot. for Leave to File Second Am. Compl.* (ECF No. 106) (*Coinbase's Resp.*). On January 13, 2021, PayPal filed its opposition to Sea Salt's partial objection. *PayPal, Inc.'s Resp. to Pl.'s Partial Obj. to Recommended Decision on Mots.*

*to Dismiss and Order on Mot. for Leave to File Second Am. Compl.* (ECF No. 107) (*PayPal's Resp.*).

### B. Factual Background[2]

#### 1. The Parties

Sea Salt is a wholesale lobster distributor in the city of Saco, county of York, state of Maine. *First Am. Compl.* ¶ 3. TD Bank is a national bank headquartered in Cherry Hill, New Jersey and authorized to do business in the state of Maine. *Id.* ¶ 4. PayPal is an online payment system/solution, a Delaware corporation, and authorized to do business in the state of Maine. *Id.* ¶ 5. Coinbase is a digital currency exchange, a Delaware corporation, and authorized to do business in the state of Maine. *Id.* ¶ 6.

#### 2. The Fraud: An Overview

In the First Amended Complaint, Sea Salt described in detail a scheme that Matthew Bellerose, one of its employees and later one of its partners, engaged in with others to defraud and embezzle significant sums of money from Sea Salt from sometime in 2015 to the end of June 2018, when Sea Salt terminated Mr. Bellerose. *Id.* ¶¶ 15-40. On August 27, 2019, the Court issued an opinion on a motion for default judgment in the companion case of *Sea Salt LLC v. Matthew R. Bellerose*, No. 2:18-cv-00413-JAW (*Bellerose*), and presented an overview of the facts underlying Sea Salt's claims:

> In the summer of 2017, Sea Salt hired a forensic accounting firm to investigate an unexplained and substantial loss of product for the year 2016 in the amount of 100,000 pounds of lobster. Sea Salt

---

[2] In describing the factual background, the Court restricted itself to the parties and claims that are the subject of the Recommended Decision and Sea Salt's partial objection to the Recommended Decision.

estimated that loss to be worth approximately $450,000 to $600,000 based on a price per pound estimate of $4.50 to $5.95. The forensic accounting firm determined that this missing product was the result of theft. These losses continued until at least June 2018.

Based on the evidence, the cause of these losses, as it turned out, was indeed theft. An employee of Sea Salt would ship inventory to a company called "Mastro's" but would not invoice Mastro's for most of the product. The amount of this loss between January 1, 2017 and June 2018 totaled at least $1,496,427.67. This employee and his associates would then resell the stolen lobster at below market price. The profits from this fraudulent venture were deposited in accounts under the names "East End Transport" and "East End." East End is a Maine Limited Liability Company located in Maine.

*Id.*, *Decision and Order* at 5-6 (ECF No. 86) (internal citations to record omitted).

### 3.  *Sea Salt LLC v. Matthew R. Bellerose*, 2:18-cv-00413-JAW

The discovery of this embezzlement led Sea Salt to file a lawsuit in state of Maine Superior Court on August 3, 2018 against East End Transport, LLC, Matthew R. Bellerose, Amanda F. Bellerose, Vincent J. Mastropasqua, Anthony J. Mastropasqua, and United Parcel Service, Inc.[3]  *Bellerose*, *State Court Record*,

---

[3]  On February 4, 2019, the Court granted United Parcel Service's (UPS) motion to compel arbitration and dismissed Sea Salt's lawsuit against UPS. *Bellerose*, *Order on Mot. to Compel Arbitration and to Dismiss* (ECF No. 36).
   East End, LLC failed to answer or otherwise defend the *Bellerose* lawsuit and on April 17, 2019, Sea Salt moved for entry of default. *Id.*, *Pl.'s Mot. for Entry of Default* (ECF No. 46). The Clerk of Court entered judgment against East End the same day. *Id.*, *Order Granting Mot. for Entry of Default* (ECF No. 47). On August 27, 2019, the Court issued a decision and order on a motion for default judgment against East End in the amount of $4,500,000. *Id.*, *Pl.'s Mot. for Entry of Default J.* (ECF No. 41); *id.*, *Decision and Order* (ECF No. 86). The Clerk entered default judgment against East End on August 29, 2019. *Id.*, *Default J.* (ECF No. 87). On August 29, 2019, Sea Salt filed a motion for an award of attorney's fees against East End. *Id.*, *Pl.'s Mot. for Att'y's Fees* (ECF No. 88). On October 3, 2019, the Court granted the motion for award of attorney's fees in the amount of $22,330.88. *Id.*, *Order on Pl.'s Mot. for Att'y's Fees* (ECF No. 89).
   On June 29, 2020, Sea Salt, Vincent J. Mastropasqua, and Anthony J. Mastropasqua filed a Stipulation of Dismissal, dismissing Sea Salt's claims against them. *Id.*, *Stipulation of Dismissal* (ECF No. 205).
   On September 29, 2020, Sea Salt moved for entry of default against PayPal and Coinbase. *Id.*, *Pl.'s Mot. for Entry of Default Against Trustees PayPal, Inc. and Coinbase, Inc.* (ECF No. 219). The defaults are the subject of a Recommended Decision by the Magistrate Judge dated December 28, 2020,

Attach. 1, *State Ct. Docket* at 1 (ECF No. 5). This lawsuit was removed to federal court on October 5, 2018. *Id.*, *Def. Vincent Mastropasqua's Notice of Removal* (ECF No. 1). Although some Defendants have been dismissed, the *Bellerose* lawsuit remains pending in this Court against Defendants Matthew R. Bellerose and Amanda F. Bellerose, as well as Trustees PayPal and Coinbase.

### 4. *Sea Salt v. TD Bank*

On March 16, 2020, Sea Salt filed the instant lawsuit. *Compl.* In the First Amended Complaint, Sea Salt alleges that during discovery in the *Bellerose* lawsuit, it discovered facts that provided a basis for initiating a second lawsuit against TD Bank, PayPal and Coinbase, among others. *Id.* ¶¶ 2(A), (B), 41-133. Sea Salt's contentions against TD Bank, PayPal and Coinbase concern their alleged failure to disclose in response to trustee summonses that Matthew R. Bellerose was the beneficial owner of a TD Bank account under the name Bellerose Investment Group, LLC, which Sea Salt maintains was both negligent and a violation of Maine's trustee process statute. *Id.* ¶¶ 2(A), 79-103. The First Amended Complaint contains two counts against TD Bank, PayPal and Coinbase: 1) statutory claims under 14 M.R.S. §§ 2614 and 2702, and 2) a negligence claim. *Id.* ¶¶ 79-103.

---

which the Court affirmed on February 3, 2021. *Id.*, *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 266).

## II.   THE RECOMMENDED DECISION[4]

In his Recommended Decision, the Magistrate Judge recommended that the Court grant Sea Salt's motion to amend its complaint but only insofar as Sea Salt is claiming a violation of 14 M.R.S. § 2701. *Recommended Decision* at 24-25. The Magistrate Judge recommended that the Court deny the motion to amend insofar as the Second Amended Complaint attempts to state claims under 14 M.R.S. § 2702, fraudulent misrepresentation, unjust enrichment and conversion. *Id.* Finally, the Magistrate Judge recommended that the Court grant TD Bank's, PayPal's, and Coinbase's motions to dismiss the First Amended Complaint. *Id.* If affirmed, the Recommended Decision would leave pending only a statutory claim under 14 M.R.S. § 2701 before the Court.

## III.   PARTIES' POSITIONS

### A.   Sea Salt's Objection to the Recommended Decision

In its objection, Sea Salt complains that the Magistrate Judge's Recommended Decision leaves it "with no remaining claim against TD Bank, even though TD allowed Matthew Bellerose to launder roughly $500,000 through an undisclosed account after being served with a trustee summons and subpoena in the 2018 litigation." *Pl.'s Partial Obj.* at 3. Similarly, Sea Salt observes that the Recommended Decision leaves Sea Salt "with little to no claim against PayPal and Coinbase, even though each Trustee Defendant had money belonging to [Matthew]

---

[4]   The Recommended Decision did not address Sea Salt's motion for entry of default against Coinbase, which remains referred to the Magistrate Judge and undecided. *See Recommended Decision* at 8, n.6.

8

Bellerose or his sham entity at the moment each entity was served with a trustee summons." *Id.* Sea Salt then repeats its factual allegations against TD Bank, PayPal and Coinbase. *Id.* at 4-10. Sea Salt disputes the view that allegations under § 2702 amount to a claim of fraud that mandates compliance with the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Id.* at 13. After reviewing legal standards, Sea Salt turns to its arguments against each Defendant.

        **1.**    **TD Bank**

Sea Salt quotes 14 M.R.S. § 2603 and emphasizes the term "principal defendant":

> Service on the trustee binds all goods, effects or credits of the **principal defendant** entrusted to and deposited in the trustee's possession, to respond to the final judgment in the action, as when attached by ordinary process if process **describing the principal defendant** with reasonable certainty is received at a time and in a manner that affords the trustee a reasonable opportunity to act on it.

*Pl.'s Partial Obj.* at 15 (quoting 14 M.R.S. § 2603) (emphasis in *Pl.'s Partial Obj.*). In Sea Salt's view, Matthew Bellerose was the "principal defendant" of two TD Bank corporate accounts: East End and BIG. *Id.* at 15. Despite TD Bank's argument that Mr. Bellerose was not the principal defendant for the BIG account, Sea Salt argues that the facts just as plausibly justify the opposite conclusion. *Id.* Next, Sea Salt presses its argument about the provisions of the Bank Secrecy Act and FinCEN regulations, maintaining that the term "beneficial owner" in federal law is equivalent to "principal defendant" in state law. *Id.* at 15-16. Sea Salt contends that TD Bank's search of accounts for Matthew Bellerose would have revealed the existence of the BIG account for which he was the sole beneficiary and triggered the disclosure

9

obligation. *Id*. Sea Salt asserts that TD Bank's failure to fully respond to its subpoena in the *Bellerose* litigation further supports its contention that TD Bank's response was deliberate. *Id*. Sea Salt also claims that Mr. Bellerose's infusion and withdrawal of large amounts of cash from the BIG account should have been a red flag for a classic money laundering operation. *Id*. Sea Salt urges the Court to allow discovery and perhaps the development of expert testimony on the factual issues in the Second Amended Complaint. *Id*.

### 2. PayPal

In its objection to the Recommended Decision, Sea Salt maintains that the Magistrate Judge erroneously concluded that PayPal had not made a false or misleading disclosure in response to the trustee summons. *Id*. at 17. Sea Salt points to the "pushback letter" and PayPal's profit from Mr. Bellerose's accounts. *Id*. Sea Salt also notes that, contrary to its pushback letter, PayPal was able to identify Mr. Bellerose's account in connection with the August 28, 2018 trustee summons. *Id*. at 18. Sea Salt also maintains that PayPal's assertion that it never received Sea Salt's September 4, 2018 email must be ignored for purposes of ruling on Sea Salt's motion to amend its complaint. *Id*.

### 3. Coinbase

Sea Salt is particularly upset that Coinbase simply ignored its trustee summons in violation of Rule 4B(e), and the remedy under Rule 4B(b) and 14 M.R.S. § 2614 is that the trustee is defaulted and "adjudged trustee as alleged." *Id*. at 18-19 (citing caselaw). Sea Salt observes that Coinbase, having ignored Sea Salt's trustee

summons for months, on December 11, 2018 sent a false email to Sea Salt, asserting it either had no customers named Matthew Bellerose or that its Matthew Bellerose accounts were zero or de minimis. *Id.* at 19. Sea Salt says that the Magistrate Judge should have drawn inferences from Coinbase's obstruction of the discovery process in the *Bellerose* litigation. *Id.* Sea Salt urges the Court to allow discovery on these issues. *Id.* at 20.

### B. The Defendants' Responses

#### 1. TD Bank's Response

In its response to Sea Salt's objection, TD Bank states that because Sea Salt is objecting to a denial of a motion to amend complaint, it is a non-dispositive matter and the standard is whether the Magistrate Judge's decision is "clearly erroneous or is contrary to law." *TD Bank's Resp.* at 3 (quoting FED. R. CIV. P. 72(a)). TD Bank says that Sea Salt's Second Amended Complaint "d[id] not cure the underlying and fundamental defects in this case, namely, its own failure to identify BIG with reasonable certainty as a defendant in the 2018 Trustee Summons." *Id.* TD Bank rejects Sea Salt's reliance on the Bank Secrecy Act and the FinCEN regulations because they do not provide a private cause of action and do not establish a duty of care for purposes of Maine law. *Id.* at 4. Finally, to the extent the Court views Sea Salt's objection as mandating de novo review, TD Bank urges the Court to reject the Sea Salt arguments because they merely reiterate arguments previously pressed and rejected by the Magistrate Judge. *Id.* at 5-7.

### 2.  PayPal's Response

In its response, PayPal contends that the Court should reject Sea Salt's objection to the Recommended Decision because Sea Salt is attempting to raise a new issue not previously presented to the Magistrate Judge, namely its assertion that the provisions of Rule 9(b) do not apply to his § 2702 claim. *PayPal's Resp.* at 1-3. To the contrary, PayPal observes that Sea Salt had argued that it had met the heightened pleading requirements of Rule 9(b). *Id.* at 2. PayPal reviews the legal requirements for Rule 9(b) specificity, namely "time, place, and content" of the alleged fraud, and argues that Sea Salt's pleadings do not meet them. *Id.* 2-6. PayPal argues that, based on the alleged facts, Sea Salt cannot establish a "basis for inferring scienter." *Id.* at 6. PayPal maintains that Sea Salt's search for "deeper pockets" does not justify allowing Sea Salt to proceed with discovery on a non-meritorious claim. *Id.*

### 3.  Coinbase's Response

In its response, Coinbase cites 14 M.R.S. § 2702 and says that the Magistrate Judge correctly determined that Sea Salt has not alleged that it fulfilled a condition for a claim under § 2702: namely, that Coinbase ever made a statement under oath in response to Sea Salt's summonses. *Coinbase's Resp.* at 1. Next, Coinbase reiterates that Sea Salt alleged that Coinbase responded falsely by email on December 11, 2018 to Sea Salt's August 2018 trustee summons, but Coinbase says that Sea Salt has not specified what was false about its December 11, 2018 response. *Id.* at 2. In fact, Coinbase insists that its December 11, 2018 response was true or that Sea Salt has not stated what is untrue about this response. *Id.* at 5. This is

12

because, according to Coinbase, Sea Salt had not identified BIG "with reasonable certainty" as § 2702 mandates. *Id.* at 5. Coinbase cites Maine statutory law to confirm that a limited liability company like BIG is an entity distinct from its members. *Id.* at 6 (citing 31 M.R.S. §§ 1504, 1544). Coinbase further asserts that Sea Salt's Second Amended Complaint does not allege facts that could lead to a conclusion that it had "the willful and knowing state of mind necessary to state a section 2702 claim." *Id.* at 2.

Coinbase turns to its July 2020 response to Sea Salt's May 2020 trustee summons. *Id.* at 3. Coinbase notes that it responded first by email in July 2020 and later by disclosure under oath in which it stated that it held about $46.00 in an account. *Id.*

Noting that in Maine perjury is "a species of fraud," Coinbase also views the Rule 9(b) particularized pleading requirements to apply to Sea Salt's § 2702 claim. *Id.* at 3-4. Like PayPal, Coinbase says that this requires "time, place, and content" allegations, and Coinbase asserts that applying the Rule 9, or even the more lenient Rule 8 pleading standards, Sea Salt's allegations fail to meet legal standards. *Id.* at 4.

Coinbase echoes PayPal's argument that there "can be no perjury where the allegedly false response by Coinbase was not 'upon examination' and, thus, not under oath." *Id.* Coinbase points out that Sea Salt has not claimed that Coinbase filed an examination under oath in response to the 2018 trustee summons. *Id.* Moreover, Coinbase disputes Sea Salt's premise, that a trustee summons "binds property of

13

entities or persons not identified in the summons or that the recipient of a trustee summons must disclose anything about other entities, even if those entities are owned or affiliated with the person named in the trustee summons." *Id.* at 6. Coinbase asserts that its failure to respond on a timely basis to the trustee summons, if anything, is evidence of negligence, not willful and knowing falsity. *Id.* at 6-7. Finally, Coinbase urges the Court not to allow discovery on a claim that is fundamentally deficient. *Id.* at 7-8.

## IV. DISCUSSION

### A. 14 M.R.S. § 2702 Claim

#### 1. The Trustee Summons Process

"Trustee process . . . is unknown to the common law. It is a creature of statute, and the rights as well as the procedure are governed by statute." *Davis v. U.S. Bobbin & Shuttle Co.*, 118 Me. 285, 286, 107 A. 865, 865 (1919). Furthermore, the Maine Supreme Judicial Court has long observed that "[b]ecause prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by legislation and implemented by court rules." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993) (quoting *First Nat'l Bank of Damariscotta v. Staab*, 505 A.2d 490, 491 (Me. 1986)); *see Quimby v. Hewey*, 92 Me. 129, 131, 42 A. 344, 345 (1898) ("To charge the trustee, the attaching creditor must allege and prove every material fact necessary to bring his case within the purview of the statute").

Section 2702 of title 14 reads:

> Whoever, summoned as trustee, upon his examination willfully and knowingly answers falsely, shall be deemed guilty of perjury, and shall pay to the plaintiff in the action so much of the judgment recovered against the principal defendant as remains unsatisfied, with interest and costs, to be recovered in a civil action.

14 M.R.S. § 2702. Maine Rule of Civil Procedure 4B(e) requires that, once served with a summons, a trustee "shall serve that trustee's disclosure under oath within 20 days after the service . . .."

### 2.   TD Bank

In its Second Amended Complaint, Sea Salt alleges that on August 8, 2018 it served TD Bank with a trustee summons and on August 24, 2018, TD Bank responded to the trustee summons. *Second Am. Compl.* ¶¶ 54-55. On August 3, 2018, Sea Salt obtained an ex parte order approving a trustee process in favor of Sea Salt "against all Defendants" in the *Bellerose* litigation. *See Bellerose*, *Def. Vincent Mastropasqua's Notice of Removal*, Attach. 4, *Ex Parte Order Approving Attach. and Attach. by Trustee Process* (ECF No. 1). The pertinent named Defendants in the *Bellerose* litigation were Matthew Bellerose and East End Transport, LLC. *Id.* The August 3, 2018 Order read in pertinent part:

> IT IS HEREBY ORDERED that . . . attachment by trustee process in favor of Plaintiff Sea Salt, LLC be made against the property, real estate, bank accounts, cash, credit, or bonds of Defendants Matthew R. Bellerose . . . and East End Transport, LLC, in the amount of **$1,496,427.67**.

*Id.* at 2. On August 8, 2018, Sea Salt served a trustee summons on TD Bank which attached the August 3, 2018 order.[5] On August 24, 2018, TD Bank responded under oath:

> I have reviewed or caused to be reviewed the books and records of the Bank and determined based on such review, pursuant to 31 CFR Part 212, that at the time of service of said Summons to Trustee, the Bank had goods, effects or credits of the named Defendant(s) in the amount of $170,241.05.

*Bellerose, State Court Record*, Attach. 31, *Trustee's Answer* at 2 (ECF No. 5). TD Bank's Trustee Answer is signed and sworn to by a Levy Associate at TD Bank. *Id.*

On its face, the August 3, 2018 order does not mention BIG and TD Bank would have no reasonable basis to conclude that it should look for assets held in accounts under the name BIG under an order that does not even mention BIG's name. Within the language of the statute, Sea Salt did not describe BIG itself "with reasonable certainty" as required by 14 M.R.S. § 2603 because Sea Salt does not describe BIG at all.

Sea Salt's position, that in naming Matthew Bellerose, the trustee summons encompassed an account held by a limited liability company of which Mr. Bellerose was a member, runs contrary to fundamental principles of the Maine Limited Liability Company Act. *See* 31 M.R.S. §§ 1501-1693. Under Maine law, a "limited liability company is an entity distinct from its members." 31 M.R.S. § 1504(1).

---

[5] The Court has not been able to locate in the record the trustee summons for TD Bank and the order that Sea Salt attached to the summons. However, TD Bank has not disputed that it was served the summons on August 8, 2018 and the Court assumes that the summons must have attached the August 3, 2018 order. An example of Sea Salt doing so is found in an attachment to PayPal's motion to dismiss. *See PayPal Mot. to Dismiss*, Attach. 1, *Trustee Summons* at 1-5.

Furthermore, a limited liability company has "the capacity to sue and be sued in its own name" and "to hold property in its own name." 31 M.R.S. § 1505(1), (2). Maine law expressly provides that a member of a limited liability company is "not liable, solely by reason of being a member, under a[n] . . . order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company." 31 M.R.S. § 1544.

It also runs counter to District of Maine caselaw. In 2002, a magistrate judge of this District addressed the same issue Sea Salt now raises and concluded that a trustee process in the name of an individual does not capture the account of a limited liability company whose member is the same individual. *First Union Nat'l Bank v. Clark*, Civil No. 02-05-P-H, 2002 U.S. Dist. LEXIS 13084, at *3-10 (D. Me. Jul. 17, 2002), *aff'd* 2002 U.S. Dist. LEXIS 15986 (D. Me. Aug. 23, 2002).

Sea Salt urges the Court to conclude that the Bank Secrecy Act and its regulations effectively altered the meaning of Maine's Trustee Process Law to include the federal Bank Secrecy Act and its regulations. At the same time, however, Sea Salt concedes that the Bank Secrecy Act does not create a private cause of action against banks for those affected by its violation. *Pl.'s Partial Obj.* at 6 ("Plaintiff does not allege a private right of action against TD Bank under the Bank Secrecy Act"); *TD Bank Mot. to Dismiss* at 16-18. But in pressing its contention that the provisions of the Bank Secrecy Act and its regulations have become infused as a standard for execution of the Maine Trustee Process Law, Sea Salt is arguing that Maine law provides what federal law does not. To state the proposition is to expose its weakness:

17

the Court is not convinced that a preexisting state statute was intended to incorporate remedies in a subsequently enacted federal law not available in the federal law itself.

Sea Salt's final argument is that the Bank Secrecy Act created a new banking standard for the disclosure of the members of limited liability companies under the Maine Trustee Process Law. Again, the standard under the Maine Trustee Process Law is a statutory standard and Sea Salt was strictly required to bring itself within its terms. The Maine Trustee Process Law required TD Bank to disclose the assets of the "principal defendant" under 14 M.R.S. § 2603, namely that of Mr. Bellerose and East End who are named as defendants, not the assets of an unnamed limited liability company of which a principal defendant was the sole member. Finally, the Court agrees with the Magistrate Judge that TD Bank's failure to include BIG's holding would constitute negligence at best and would not meet the "willful and knowing" standard required for the imposition of liability under 14 M.R.S. § 2702.

### 3.  PayPal and Coinbase

Applying these precepts of the Maine Trustee Process Law, the Court concludes that Sea Salt has failed to fit itself within the provisions of 14 M.R.S. § 2702 in its claims against PayPal and Coinbase. Section 2702 of title 14 requires the trustee to respond to the trustee summons "upon . . . examination" and Rule 4B(e) requires that the disclosure be "under oath."

In its Second Amended Complaint, as against PayPal and Coinbase, Sea Salt makes no allegation that either PayPal or Coinbase responded under oath upon an

18

examination. A violation of § 2702 is premised on a material, false statement under oath that amounts to perjury. 14 M.R.S. § 2702 ("shall be deemed guilty of perjury"). Perjury under Maine law requires a false material statement under oath. *See* 17-A M.R.S. § 451(1)(A) ("A person is guilty of perjury if he makes (A) in any official proceeding, a false material statement <u>under oath</u> . . .") (emphasis added). Silence or an unsworn statement does not constitute perjury. *HCI Corp. v. Voikos Constr. Co.*, 581 A.2d 795, 798 (Me. 1990) (holding that a perjury conviction requires an oath). Sea Salt therefore does not state a claim against either PayPal or Coinbase under § 2702.

### B. Remaining Claims

Sea Salt's Second Amended Complaint also asserts common law claims of fraudulent misrepresentation, unjust enrichment, and conversion against TD Bank, PayPal, and Coinbase. Sea Salt's objection, however, "only pertains to denial of leave to amend by adding a claim under 14 M.R.S. § 2702." *Pl.'s Partial Obj.* at 3. Therefore, the Court deems Sea Salt as having waived any objection to the Magistrate Judge's recommendation to deny Sea Salt leave to amend with claims of fraudulent misrepresentation, unjust enrichment, and conversion. *See Recommended Decision* at 20-24. The Court has performed a de novo review of these unobjected-to recommendations and concurs with them.

### V. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of

all matters adjudicated by the Magistrate Judge's Recommended Decision.[6] The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision, and further set forth herein, and determines no further proceeding is necessary.

    1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 100).

    2. The Court <u>DENIES</u> Sea Salt, LLC's Objection to the Recommended Decision of the Magistrate Judge (ECF No. 104).

    3. The Court <u>GRANTS</u> in part and <u>DENIES</u> in part Sea Salt, LLC's Motion for Leave to File Second Amended Complaint (ECF No. 78), leaving only the claim under 14 M.R.S. § 2701.

    4. The Court <u>GRANTS</u> TD Bank, N.A.'s (ECF No. 75), PayPal, Inc.'s (ECF No. 73), and Coinbase, Inc.'s (ECF No. 74) motions to dismiss Sea Salt, LLC's First Amended Complaint and <u>DISMISSES</u> Sea Salt, LLC's First Amended Complaint (ECF No. 31).

    SO ORDERED.

                      <u>/s/ John A. Woodcock, Jr.</u>
                        JOHN A. WOODCOCK, JR.
                        UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2021

---

[6] The parties spar over the Court's standard of review. *See Pl.'s Partial Obj.* at 1 ("Plaintiff requests a *de novo* determination"); *TD Bank's Resp.* at 5-6 (arguing for "clear error" review); *PayPal's Resp.* at 1-3 (same). Without deciding the issue, the Court performed a de novo review.