UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA SALT, LLC, | ) | |
|       Plaintiff | ) ) ) | |
| v. | ) ) | 2:20-cv-00099-JAW |
| TD BANK, NA, et al., | ) ) | |
|       Defendants | ) | |

**ORDER ON PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT**

Plaintiff asks the Court to enter a default against Defendant Coinbase, Inc., due to Coinbase's alleged failure to respond timely to a trustee summons. *See* Fed. R. Civ. P. 55(a); 14 M.R.S. § 2614. (Motion, ECF No. 81.)

Following a review of the pleadings and after consideration of the parties' arguments, the Court denies Plaintiff's motion.

**BACKGROUND**

Plaintiff filed a complaint on March 17, 2020, asserting claims, in relevant part, against Bellerose Investment Group, LLC ("BIG").[1] (Complaint, ECF No. 1.) On April 9, 2020, this Court granted Plaintiff's motion for ex parte attachment and attachment on trustee process in the amount of $459,200 against BIG's property. *See* D. Me. Local R. 64; M.R. Civ. P. 4A, 4B. (Order, ECF No. 7.) The clerk issued a writ of attachment and

---

[1] This action arises out of a companion case, *Sea Salt, LLC v. Matthew R. Bellerose, et al.*, 2:18-cv-00413-JAW, in which Plaintiff alleges that the defendants in that matter engaged in a fraudulent scheme to embezzle a large quantity of Plaintiff's inventory of lobsters.

trustee summons as to BIG on April 23, 2020.  (Writ, ECF No. 9-1.)  On May 14, 2020, Plaintiff served the writ and the trustee summons on Coinbase for property held in BIG's name.  *See* M.R. Civ. P. 4B(c); 14 M.R.S. § 2608.  (Summons, ECF No. 56.)

Plaintiff filed a First Amended Complaint on June 30, 2020, in which Plaintiff added, among others, Coinbase as a defendant.  (Am. Complaint, ECF No. 31.)  In relevant part, Plaintiff asserted a claim for "Failure to Disclose," alleging violations of 14 M.R.S. § 2614 and § 2702.[2]  (*Id.* ¶¶ 90-91.)  On July 1, 2020, Coinbase emailed Plaintiff, stating that it had identified accounts with a "zero or de minimis" balance and that, "[o]n that basis," it would "take no further action with respect to the [trustee summons]."  (Exhibits, ECF Nos. 92-1, 92-4.)  Coinbase also stated in the email that it would "formally close [the] matter."  (*Id.*)  According to Plaintiff, Coinbase's counsel contacted Plaintiff "shortly thereafter," acknowledging that Coinbase held an account in the name of BIG, but Coinbase determined a trustee disclosure "unnecessary" due to the minimal value of the account.  (Motion at 2.)

On July 30, 2020, Coinbase filed its disclosure in response to the May 14 trustee summons and declared that, as of June 8, 2020, it held cryptocurrencies valued at approximately $46 in an account belonging to BIG. Coinbase asserts that it "tendered

---

[2] In its request for relief, Plaintiff requested that "the Court enter a default and judgment in its favor" related to the 2020 trustee summons and "adjudge [Coinbase and the other defendants] trustees in the full amount of the judgment recovered against . . . BIG."

payment in the form of a check in the amount of $50.00 to Sea Salt," on August 7, 2020, but that Plaintiff asserted that it would return the check.[3] (Objection at 3, ECF No. 92.)

In August 2020, Coinbase filed a motion to dismiss Plaintiff's June 30 amended complaint for failure to state a claim. (Motion, ECF No. 74.) On September 25, 2020, Plaintiff filed a motion for leave to file a second amended complaint, which motion Coinbase opposed. (Motion, ECF No. 78; Response, ECF No. 88.) In its motion, Plaintiff "concede[d] that a violation of 14 M.R.S. § 2614 should be litigated in the underlying civil action" and noted that it was "bringing a motion for entry of default against . . . Coinbase in the underlying [companion case] for [its] failure to appear pursuant to the statute." (Motion at 2, ECF No. 78.) Plaintiff did not assert in the second amended complaint a claim pursuant to § 2614.[4] (*See* Proposed Second Amended Complaint, ECF No. 78-1.)

## DISCUSSION

Plaintiff, citing 14 M.R.S. § 2614 and M.R. Civ. P 4B(e), argues that a default "must" be entered because Coinbase failed "to appear and answer" the May 14 trustee summons timely. (Motion at 2-3.) Coinbase contends that it "responded to the 2020 Trustee Summons under oath as required" and that "Plaintiff has not been prejudiced by

---

[3] Coinbase also asserts that it was informed by Plaintiff on September 29, 2020, that Plaintiff had shredded the check. (Objection at 3.)

[4] In its motion for leave to file a second amended complaint, Plaintiff suggested that, in this matter, it intended to pursue the "process for litigating false or misleading disclosures," rather than the "default process for failing to appear and disclose." (Motion ¶ 8, ECF No. 78.) In December 2020, I recommended that the Court grant Coinbase's motion to dismiss Plaintiff's amended complaint and I granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint. (Recommended Decision, ECF No. 100; Order, ECF No. 101.) The Recommended Decision did not address Plaintiff's motion for entry of default. (*See* Recommended Decision at 8 n.6.)

the delay." (Objection at 4.) Coinbase also argues that even if a default was entered, it should be set aside for "good cause." Fed. R. Civ. P. 55(c). (*Id.* at 1, 8.) Plaintiff maintains that the entry of default is "mandatory" under Maine statutory law and, further, that Coinbase has not shown "good cause" for setting aside any default. (Reply at 1, 5, ECF No. 98.) Plaintiff contends that Coinbase served its trustee disclosure only in response to the filing of Plaintiff's June 30 amended complaint. (*Id*. at 4, 7.)

Under Maine law, following the entry of an order of attachment on trustee process for a specified amount, a plaintiff is required to serve a trustee summons on a trustee in accordance with the rules of procedure. M.R. Civ. P. 4B(c); *see* D. Me. Local R. 64 ("Service shall be made in accordance with the applicable law and procedure of the State of Maine."). Service of a trustee summons "binds all goods, effects or credits of the principal defendant entrusted to and deposited in the trustee's possession, to respond to the final judgment in the action. . . ." 14 M.R.S. § 2603. Unless a court directs otherwise, a trustee is then required to respond and "serve that trustee's disclosure under oath within twenty days after the service of the trustee summons upon that trustee." M.R. Civ. P. 4B(e); *see* 14 M.R.S. § 2608 (permitting a corporation to answer and make disclosures by "attorney or agent"). A trustee disclosure is a pleading. M.R. Civ. P. 7(a); *see Loyal Erectors, Inc. v. Hamilton & Son, Inc.*, 312 A.2d 748, 751 (Me. 1973) ("The disclosure is the statutory answer which presents the issues of fact upon which the liability of the trustee depends in reference to the business relations with the principal defendant."). As relevant here, "[w]hen a person summoned as trustee neglects to appear and answer to the action, the trustee must be defaulted and adjudged trustee to the extent that such a person holds

goods, effects or credits of the principal defendant otherwise available to satisfy the unsatisfied portion of final judgment."[5]  14 M.R.S. § 2614.  The Federal Rules of Civil Procedure, like the Maine Rules, require that a failure to plead or defend be shown "by affidavit or otherwise."  Fed R. Civ. P. 55(a); *see* M.R. Civ. P. 55(a).

Plaintiff served the trustee summons on Coinbase on May 14, 2020 and moved for an entry of default on September 30, 2020.  (Summons, ECF No. 56; Motion, ECF No. 81.)  On July 30, 2020, two months before Plaintiff moved for the entry of default, Coinbase served its trustee disclosure.  Although Coinbase's trustee disclosure was not served within twenty days after service, *see* M.R. Civ. P. 4B(e), Coinbase had already "appear[ed] and answer[ed] to the action," 14 M.R.S. § 2614, at the time Plaintiff filed its motion for an entry of default.[6]

The question is whether the entry of default is required as Plaintiff maintains even though Coinbase served a response to the trustee summons before Plaintiff requested the default.  This Court previously rejected the argument where a plaintiff requested a default after an answer had been filed beyond the time required by the rules.  In *Lewis v. Kennebec Cty.*, No. 1:16-cv-00559-JAW, 2017 U.S. Dist. LEXIS 79622, *8 (May 24, 2017), the

---

[5] A default pursuant to § 2614 does not limit "the additional remedies available under [14 M.R.S §§ 2601-3105] for the trustee's failure to disclose, including the assessment of costs under section 2701 or, in a proper case, contempt."  14 M.R.S. § 2614.

[6] The relevant Maine cases in which courts entered or affirmed the entry of a default in the context of an untimely trustee disclosure involved the filing of a motion for default before service of the response to the trustee summons.  *See R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶¶ 5-8, 931 A.2d 1081 (trustee served disclosure nearly a month after default entered); *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶¶ 3-5, 861 A.2d 678 (trustee served disclosure over a month after entry of default); *see also Sheridan Corp v. DHF Assocs.*, No. BCD-CV-2019-39, 2019 Me. Bus. & Consumer LEXIS 41, *1 (Nov. 26, 2019) (trustee did not serve a disclosure, but sought to set aside default two weeks after default entered).

Court concluded that "Rule 55 [was] not applicable" where a defendant had already filed an untimely answer approximately two weeks before the filing of a motion for entry of default. After referencing the language of the Rule, the Court wrote, "[t]o state the obvious, Rule 55(a) does not authorize either the entry of default or a default judgment against a party not in default." *Id.*[7] The same reasoning applies here. Plaintiff is not entitled to the entry of a default.

### CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion for entry of default.

### **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 8th day of February, 2021.

---

[7] Unlike Maine Rule of Procedure 55, neither Federal Rule of Civil Procedure 55 nor 14 M.R.S. § 2614 includes any language to suggest that an entry of default is mandated if an answer is served or filed before the request for default. Indeed, in 2007, Federal Rule of Civil Procedure 55 was amended to remove language that could be construed to require the entry of default even when an answer or response has been filed. Prior to 2007, the federal rule, like the current state rule, required the clerk to enter a default when a party "failed to plead or otherwise defend as provided by these rules." The phrase "as provided by these rules" could be construed to mandate the entry of default whenever a party did not file the answer or response within 20 days even if the default was requested after the answer or response was filed. In 2007, the federal rule was amended to eliminate the phrase "as provided by these rules." 14 M.R.S. § 2614 also does not include any similar language.